IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BERKLEY REGIONAL SPECIALTY
INSURANCE COMPANY, a Delaware corporation,

      Plaintiff,

v.                                                     Case No.: 1:18-cv-8

PKG INVESTMENTS, LLC, a New Mexico
Limited Liability Company, SHANNON
KAUFMAN, AARON GORHAM, MICHAEL
McKINNON and FERMIN PACHECO,

      Defendants.

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff Berkley Regional Specialty Insurance Company ("Berkley"), by and through its attorneys, Allen, Shepherd, Lewis & Syra, P.A., in this Complaint for Declaratory Relief seeks a decree from this Court that the Commercial General Liability and Liquor Liability Insurance Policies issued to PKG Investments, LLC ("PKG") were validly cancelled prior to the date of the incident which forms the basis of a State Court Lawsuit for Wrongful Death against PKG and its members. Berkley further seeks a declaration that the reinstatement of the Policies was the result of a false representation by PKG that it had not suffered any losses after the Policies canceled when in fact the very loss which is the subject of the State Court Lawsuit occurred after the cancellation and before reinstatement. Berkley asks this Court to declare that because PKG procured the reinstatement of the Policies through a false representation, the reinstatement is void, and no coverage exists under Berkley Policies for the claims asserted in State Court Lawsuit. In support of its Complaint for Declaratory Relief, Berkley states and alleges as follows:

# I.

## JURISDICTION AND VENUE

1. Plaintiff is a Delaware corporation with its principal place of business in the State of Arizona.

2. Defendant PKG is a New Mexico limited liability company. Upon information and belief, each of its members are citizens of the State of New Mexico.

3. Upon information and belief, Defendants Shannon Kaufman, Aaron Gorham, Michael McKinnon and Fermin Pacheco are, were or are alleged to have been members of PKG at all relevant times. Upon information and belief, each of these individual Defendants are citizens of the State of New Mexico.

4. The Plaintiff is diverse from all Defendants, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

5. This Court has jurisdiction pursuant to 28. U.S.C. § 1332, 28 U.S.C. §2201 and Fed. R. Civ. P. 57.

6. Venue is proper in this District.

# II.

## GENERAL ALLEGATIONS

7. Berkley issued Commercial General Liability Policy No. BPK 0075333-20 to PKG with effective dates of May 27, 2015 to May 27, 2016 ("CGL Policy").

8. Berkley issued Liquor Liability Policy No. LQL 0075334-20 to PKG with original effective dates of May 27, 2015 to May 27, 2016 ("Liquor Policy").

9. PKG operated a bar in Albuquerque, New Mexico known as "Lucky's Lounge" and later as "Fire and Ice."

10. The Common Policy Conditions for both the CGL Policy and the Liquor Policy provide that Berkley may cancel the Policy by mailing or delivering to the first Named Insured written notice of cancellation at least 10 days before the effective date of cancellation if Berkley cancels for nonpayment of premium.

11. The Common Policy Conditions in the CGL Policy and the Liquor Policy pertaining to cancellation for nonpayment of premium conform to the requirements of NMSA §59A-18-29.

12. On January 7, 2016, Berkley sent separate cancellation notices under the CGL Policy and the Liquor Policy to PKG for nonpayment of premium ("the Cancellation Notices"). The Cancellation Notices informed PKG that the CGL Policy and the Liquor Policy would cease at and from January 22, 2016 at 12:01 A.M. unless a past due minimum payment was received prior to that time to prevent the cancellation of the policy.

13. Thereafter, PKG did not make any payment or contact Berkley for the CGL Policy or the Liquor Policy prior to the cancellation date provided in the Cancellation Notices.

14. Accordingly, the CGL Policy and the Liquor Policy were canceled effective January 22, 2016 at 12:01 AM.

15. Approximately one month later, the agent through whom PKG had obtained the CGL Policy and the Liquor Policy notified Berkley that PKG wanted to reinstate the Policies and inquired whether Berkley would reinstate the CGL Policy and the Liquor Policy, and if so, whether it would be with a lapse in coverage.

16. Berkley, through its underwriter, informed the agent that PKG would need to pay $2,649 and sign a "no known loss" letter for both the CGL Policy and the Liquor Policy from the date of cancellation to the current date. In other words, Berkley was not willing to reinstate the

CGL Policy and the Liquor Policy unless PKG was able to truthfully represent that there had not been any losses or claimable incidents from January 22, 2016 to the date of reinstatement.

17.     On March 1, 2016, PKG provided a "no known loss" letter dated February 29, 2016 on PKG letterhead to Berkley stating as follows: "This letter is to state that PKG Investments and its operations at the above stated address have sustained no loss or claimable incidents from 1/22/16 to present on either policy's [sic] #BPK0075333 OR #LQL0075334."

18.     The statements by PKG to Berkley in the March 1, 2016 letter were false.

19.     In reliance on PKG's letter containing false information, Berkley reinstated the CGL Policy and the Liquor Policy on March 2, 2016 without any lapse in coverage.

20.     Berkley did not know that a loss or claimable incident had occurred at PKG's bar on or about January 27, 2016.

21.     On August 5, 2016, Lee Hunt, in his capacity as Wrongful Death Personal Representative of the Estate of Debra Harbeck, deceased, Jessie Harbeck, individually, Anthony Harbeck, individually and Charlotte Salter, individually filed a lawsuit in the First Judicial District Court, County of Santa Fe, State of New Mexico, Case No. D-101-CV-2016-01887 in which they asserted claims for personal injury, wrongful death, loss of consortium and other damages against PKG and others ("State Court Lawsuit").

22.     The complaint in the State Court Lawsuit alleges that Debra Harbeck was an invitee at PKG's premises on January 27, 2016, that PKG sold her intoxicating liquors, that PKG did not cut her off, that PKG allowed Harbeck to participate in a corn dog eating contest while she was intoxicated and that Harbeck choked on the corn dog and eventually died from her injuries on January 29, 2016.

23. Upon information and belief, PKG and each of its members knew prior to February 29, 2016 that Debra Harbeck had choked on a corn dog at PKG's premises on January 27, 2016 and that she died on January 29, 2016 and that a loss or claimable incident had in fact occurred after the cancellation of the Berkley Policies, contrary to the express representation made by PKG in the February 29, 2016 letter sent to induce Berkley to reinstate the CGL Policy and the Liquor Policy.

24. The Complaint in the State Court lawsuit also named as Defendants the liquor license holder, Anodyne Corporation ("Anodyne"), and the landlord of the premises where PKG operated its bar, Hinkle Investments, LLC and Hinkle Income Properties, LLC (collectively "Hinkle").

25. Anodyne Corporation filed a Crossclaim against PKG and a Third-Party Complaint against the members of PKG for indemnification in the State Court Lawsuit.

26. Berkley undertook the defense of PKG and its members under a reservation of rights because its files reflected that the CGL Policy and the Liquor Policy were in force on the date of the incident complained of in the complaint in the State Court Lawsuit.

27. Berkley also undertook the defense under a reservation of rights of Anodyne and Hinkle who are not insureds under the CGL Policy or the Liquor Policy based on contractual indemnification provisions in their respective leases with PKG.

28. It was only after undertaking the defense of PKG, its members and its indemnitees that Berkley became aware that the CGL Policy and Liquor Policy had been reinstated without lapse based on a false "no known loss" letter from PKG.

29. Because the CGL Policy and the Liquor Policy had been canceled and were not in force on the date of the alleged loss involving Debra Harbeck, Berkley has no duty to defend or indemnify PKG, its members or indemnitees.

## III.

## CLAIM FOR DECLARATORY RELIEF

30. Berkley incorporates by reference the allegations of the preceding paragraphs.

31. Under New Mexico law, material misrepresentations in an insurance application entitle the insurer to rescind or void the policy regardless of whether the misrepresentations are fraudulent, negligent or innocent.

32. A representation or concealment of a fact is material if it operates as an inducement to the insurer to enter into the contract, where, except for such inducement, it would not have done so, or would have charged a higher premium.

33. Although New Mexico courts have not addressed the standard to apply in cases of concealment or misrepresentation in connection with a "no known loss" letter which induces the insurer to reinstate the policy without a lapse in coverage, the law applied in other jurisdictions is the same standard that New Mexico applies to misrepresentations in an initial application for insurance.

34. Berkley's decision to reinstate the CGL Policy and Liquor Policy without a lapse in coverage was based on PKG's misrepresentation of no known loss between the time of the cancellation and the reinstatement.

35. Berkley would not have reinstated the CGL Policy or the Liquor Policy without a lapse in coverage had it known of the incident involving Debra Harbeck as described in the complaint in the State Court Lawsuit.

36. PKG misrepresented material information to Berkley. Whether the misrepresentation was innocent, negligent or fraudulent, the misrepresentation was material and entitles Berkley to void the reinstatement of the CGL Policy and the Liquor Policy.

37. Based on PKG's misrepresentation, Berkley is entitled to void the reinstatement of the CGL Policy and the Liquor Policy. Berkley asks the Court to decree that the CGL Policy and the Liquor Policy were both canceled effective January 22, 2016 at 12:01 AM, prior to the incident involving Debra Harbeck.

38. Alternatively, under the "known loss doctrine" or the "known risk doctrine", PKG and the individual Defendants are not covered for a loss they know has already occurred during the period of lapse, whether or not PKG and the individual Defendants knew that they would be sued and may be held liable for the alleged loss.

39. Berkley asks the Court to decree that under the "known loss doctrine" the CGL Policy and the Liquor Liability Policy were canceled effective January 22, 2016 at 12:01 AM, prior to the incident involving Debra Harbeck and that no coverage extends for the January 27, 2016 incident.

## IV.

### CLAIM FOR REIMBURSEMENT OF ATTORNEY'S FEES AND COSTS

40. In defending PKG, its members, and its indemnitees under a reservation of rights, Berkley has incurred substantial attorney's fees and costs with multiple law firms.

41. These attorney's fees and costs were incurred as a direct result of PKG's misrepresentation to Berkley that there were no losses or claimable incidents at PKG's premises after the date of cancellation, despite the incident involving Debra Harbeck which occurred after the CGL Policy and the Liquor Policy had canceled and prior to the letter seeking reinstatement.

42.     Berkley is entitled to be reimbursed from PKG and its members, jointly and severally, for the costs and attorney's fees incurred in defending PKG, its members and its indemnitees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Berkley Regional Specialty Insurance Company respectfully requests this Court to enter its Judgment and Decree in favor of Plaintiff as follows:

A. Declaring that the CGL Policy and the Liquor Policy were effectively canceled effective January 22, 2016 at 12:01 AM.

B. Declaring that the reinstatement of the CGL Policy and the Liquor Policy without a lapse is void based on the material misrepresentation of Defendant PKG.

C. Declaring that Berkley has no duty to defend or indemnify PKG, Shannon Kaufman, Aaron Gorham, Michael McKinnon or Fermin Pacheco against the claims by the plaintiffs in the State Court Lawsuit.

D. Declaring that Berkley has no duty to defend or indemnify PKG, Shannon Kaufman, Aaron Gorham, Michael McKinnon or Fermin Pacheco against the Crossclaim or Third-Party Complaint filed by Anodyne in the State Court lawsuit.

E. Declaring that PKG and the individual Defendants are required to reimburse Berkley for the attorney's fees and costs incurred in defending PKG, Shannon Kaufman, Aaron Gorham, Michael McKinnon, Fermin Pacheco and PKG's indemnitee's Anodyne and Hinkle in the State Court lawsuit.

F. Declaring that the Court's decree is binding upon all Defendants and any other parties who may be joined in this matter.

G. For an award of costs incurred in this matter, and such other and further relief as the Court deems just and proper.

                Electronically submitted,

                ALLEN, SHEPHERD, LEWIS & SYRA, P.A.

              By: */s/ Daniel W. Lewis*
                   Daniel W. Lewis
                   Brant L. Lillywhite
                   P.O. Box 94750
                   Albuquerque, NM 87199-4750
                   (505) 341-0110
                   dlewis@allenlawnm.com
                   blillywhite@allenlawn.com
                   *Attorneys for Plaintiff*