IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BERKLEY REGIONAL SPECIALTY
INSURANCE COMPANY, a Delaware corporation,

    Plaintiff,

v.                                                                                        1:18-cv-00008-JHR-LF

PKG INVESTMENTS, LLC, a New Mexico
Limited Liability Company, SHANNON
KAUFMAN, AARON GORHAM, MICHAEL
McKINNON and FERMIN PACHECO,

    Defendants.

## ORDER DENYING MOTION FOR SERVICE
## BY PUBLICATION WITHOUT PREJUDICE

THIS MATTER is before the Court on plaintiff's Motion to Serve Two Defendants by Publication, filed on January 31, 2018. Doc. 9. No party filed opposition to the motion. Plaintiff asks for permission to serve defendants Aaron Gorham and Fermin Pacheco by publication. *Id*. at 1. The Court, having reviewed the parties' submissions and the relevant law, and being otherwise fully advised, finds the motion is not well taken, and will deny it without prejudice.

The Federal Rules of Civil Procedure permit service of process on an individual within a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." *See* FED. R. CIV. P. 4(e)(1). The Court will apply the laws of service for New Mexico, where this court is located. New Mexico's rules governing service allow for both personal service and service "by mail or commercial courier service provided that the envelope is addressed to the named defendant and further provided that

the defendant or a person authorized by appointment, by law or by this rule to accept service of process upon the defendant signs a receipt for the envelope or package containing the summons and complaint." Rule 1-004(E)(3), (F)(1)(b) NMRA. If personal service or service by mail is unsuccessful, service may be made by "delivering a copy of the process to some person residing at the usual place of abode of the defendant who is over the age of fifteen (15) years and mailing by first class mail to the defendant at the defendant's last known mailing address a copy of the process" or by "delivering a copy of the process at the actual place of business or employment of the defendant to the person apparently in charge thereof and by mailing a copy of the summons and complaint by first class mail to the defendant at the defendant's last known mailing address and at the defendant's actual place of business or employment." Rule 1-004(F)(1)–(2) NMRA.

If none of the previous methods of service are successful, New Mexico's laws of service also allow service to be made by "delivering a copy of the process at the actual place of business or employment of the defendant." *See* Rule 1-004(F)(3) NMRA.

If a plaintiff shows by affidavit that service "cannot reasonably be made as provided by this rule," the court may order service by publication. Rule 1-004(J) NMRA. The motion for service by publication must include a copy of the proposed notice. Rule 1-004(K) NMRA. If the Court allows service by publication, the notice must be published once a week for three consecutive weeks in a newspaper of general circulation "in the county which reasonably appears is most likely to give the defendant notice of the action." Rule 1-004(K)(1) NMRA. Courts should permit service by publication only when plaintiff has attempted service through the "hierarchy of mechanisms set out under NMRA 1-004(F), and requires that a party requesting service by unconventional methods demonstrate that this hierarchy was followed in

detail, although the attempts were unsuccessful." *Soto v. Village of Milan Police Dept., et al*, No. 10cv43 WJ/ACT, Doc. 51 at 5–6 (D.N.M. Sept. 17, 2010); *see also Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 147 (10th Cir. 1985) (due diligence shown in attempt to serve process by carefully following the procedural steps outlined in the state's rule governing service).

In this case, plaintiff states that it tried to serve defendants Aaron Gorham and Fermin Pacheco "directly at their last know addresses, but the process server could not locate either of them."[1] Doc. 9 at 3. Plaintiff does not describe any other attempts at service in connection with the case before this Court. In addition, plaintiff did not include an affidavit showing how "service cannot reasonably be made as provided by [the] rule." Rule 1-004(J). Plaintiff may refile its motion, but it must be accompanied by an affidavit showing that it attempted to serve defendants through the hierarchy of means available under New Mexico law—including personal service, service by registered mail, service by delivering to person over the age of 15 at defendant's usual place of abode, and service at defendant's place of business or employment.

**IT IS SO ORDERED**

_____
Laura Fashing
United States Magistrate Judge

---

[1] The proofs of service returned for Gorham and Pacheco, however, do not state the addresses at which service was attempted. *See* Docs. 5, 6.

3